# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1839

_____

Debbie E. Carrigan,                              *
                                                 *
        Plaintiff - Appellant,                   *    Appeal from the United States
                                                 *    District Court for the
v.                                               *    Western District of Arkansas.
                                                 *
Michael J. Astrue, Commissioner,                 *         [UNPUBLISHED]
Social Security Administration,                  *
                                                 *
        Defendant - Appellee.                    *

_____

Submitted:  January 11, 2010
Filed:  February 9, 2011

_____

Before LOKEN,* Chief Judge, JOHN R. GIBSON** and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

        Debbie E. Carrigan applied for social security disability insurance benefits and
supplemental security income in April 2005, alleging she was disabled due to severe

_____

        *The Honorable James B. Loken stepped down as Chief Judge of the United
States Court of Appeals for the Eighth Circuit at the close of business on March 31,
2010.  He has been succeeded by the Honorable William Jay Riley.

        **The Honorable John R. Gibson retired January 26, 2011.  This opinion is
consistent with his vote at the panel's conference following oral argument on
January 11, 2010.

low back pain and sleep apnea, with an onset date of July 12, 2004. After the application was initially denied, the Commissioner's administrative law judge (ALJ) held an administrative hearing in October 2006. The ALJ found that Ms. Carrigan suffers from a combination of severe impairments -- diabetes, sleep apnea, gastroesophageal reflux disease, advanced degenerative disc disease, moderate obesity, and hypertension -- but that this combination of impairments does not meet or equal a "listed" impairment; that her sleep apnea, hypertension, reflux disease, and diabetes were well controlled medically; that her subjective complaints of disabling back and leg pain were not fully credible; and that she could not perform her past relevant work but retained the residual functional capacity to perform the full range of sedentary work and was therefore not disabled. The Commissioner's Appeals Council denied Ms. Carrigan's administrative appeal of the ALJ's adverse decision.

Ms. Carrigan then commenced this action in the district court seeking judicial review of the Commissioner's final decision. She argued: (i) the ALJ did not properly consider her combination of impairments in finding that she did not meet a listed impairment; (ii) the ALJ did not properly consider her subjective complaints of disabling pain in finding that she had the residual functional capacity to perform the full range of sedentary work; and (iii) the ALJ failed to adequately develop the record by relying on the agency's guidelines instead of presenting a proper hypothetical to the vocational expert, and by relying on the opinions of non-treating, non-examining physicians. In a thorough opinion discussing each of these contentions, the district court[1] concluded that substantial evidence on the record as a whole supports the ALJ's findings and analysis and affirmed the denial of benefits. See Tindell v. Barnhart, 444 F.3d 1002, 1004 (8th Cir. 2006) (standard of review). This appealed followed.

---

[1]The Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.

On appeal, Ms. Carrigan vigorously presses the same issues she raised in the district court. After careful review of the administrative record, we agree with the district court (i) that Ms. Carrigan failed to establish that she meets the criteria of any listing, (ii) that the ALJ properly evaluated her complaints of disabling pain in making the residual functional capacity finding, (iii) that the ALJ properly relied on the guidelines after finding that Ms. Carrigan's non-exertional impairments do not diminish her ability to perform the full range of sedentary work, and (iv) that the ALJ properly relied on the opinion of Ms. Carrigan's treating physician that her low back and leg pain could be and had been treated with non-surgical therapy. Accordingly, we affirm for the reasons stated in the district court's Memorandum Opinion entered March 17, 2009. See 8th Cir. Rule 47B.

_____